IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

ARNETHA REEVES, *et al.*,

                Plaintiffs

    VS.

THOMAS H. SMITH, *et al.*,

                Defendants

**NO. 5: 04-CV-66 (CWH)**

PROCEEDINGS UNDER 42 U.S.C. § 1983
BEFORE THE U.S. MAGISTRATE JUDGE

## O R D E R

Before the court is the motion (Tab #32) of the defendants seeking summary judgment in the above-styled action. On October 31, 2005, the undersigned advised the plaintiffs of their duty to respond to the defendants' motion and that failure to respond could result in the granting of said motion. Tab #34. The plaintiffs have FAILED TO FILE A RESPONSE to the defendants' motion. However, it is the obligation of this court to ensure that the standards for summary judgment are met.

### SUMMARY JUDGMENT STANDARD

As previously indicated to the plaintiffs in the court's notice (Tab #34), Rule 56(c) of the Federal Rules of Civil Procedure dealing with motions for summary judgment provides as follows:

*The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

Summary judgment can only be granted if there are <u>no</u> genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment <u>cannot rest on his pleadings</u> to present an issue of fact but <u>must make a response</u> to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts which exist in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir.1984).

## DISCUSSION

The plaintiffs have failed to respond to defendants' motion for summary judgment despite specific instructions from the court to do so. Accordingly, based upon the defendants' motion and the other records provided, including the depositions of plaintiffs (Tabs #24, #25, and #26), this court finds the facts to be as set forth by the defendants in their motion and DEFENDANTS' JOINT STATEMENT OF UNDISPUTED MATERIAL FACTS (Tab #32, Attachment 1) and further finds that there is no genuine dispute on any issues raised by the plaintiffs.

Plaintiffs allege that their constitutional rights were violated during the execution of a search warrant. Specifically, the plaintiffs claim that the search warrant in question should have been executed on the residence next door where drug dealers lived. They allege that the defendants wrongfully subjected them to false imprisonment, battery, assault, trespass, intentional infliction of emotional distress, and loss of consortium all in violation of their constitutional rights.

The defendants have submitted a brief and other evidence in support of their motion which establishes that the plaintiffs' constitutional rights were not violated by the defendants. As noted above, the plaintiffs have failed to rebut the evidence presented on behalf of the defendants.

Accordingly, **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** (Tab #32) is GRANTED.

SO ORDERED, this 29th day of DECEMBER, 2005.



    CLAUDE W. HICKS, JR.
    UNITED STATES MAGISTRATE JUDGE